WHITAKER (UNITED STATES v.). See Case No. 16,672.

## Case No. 17,529.

### Ex parte WHITCOMB.

### In re COLWELL.

[2 Lowell, 523; [1] 15 N. B. R. 92.]

District Court, D. Massachusetts. Nov. 27, 1876.

BANKRUPTCY — ASSIGNEE'S FEES — DISCRETION OF COURT—RULES PRESCRIBED BY SUPREME COURT.

1. By section 5099 of the Revised Statutes, the allowance of a reasonable compensation to an assignee for his services is within the discretion of the court of bankruptcy, and cannot be wholly regulated beforehand by the supreme court. This discretion is given to the court only, and not to the registers.

[Cited in Re Cook, 17 Fed. 329.]

2. Assignees, intending to charge for services, beyond the fees mentioned in rule 30, must notify creditors of their intention in the notices of the meeting at which their account is to be presented.

In bankruptcy

M. Storey, for objecting creditor.

R. M. Morse, Jr., for assignee.

LOWELL, District Judge. Two charges in the assignee's account are objected to: one, of $275, for his own services in superintending the manufacture of the unwrought stock of shoes in the bankrupt's factory, under an order of court authorizing the business to be carried on in accordance with the act of 22d June, 1874; the other, of $300, for money paid his counsel for advice in the settlement of the estate.

The evidence upon the first item is that the

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

assignee is a manufacturer, acquainted with the business which was to be carried on, and that he took the superintendence of it, and gave his time and attention to it, and succeeded in realizing for the creditors considerably more than would probably have been obtained in any other way. He has charged five dollars a day for fifty-five days. On the other hand, it is said that the bankrupt was employed as a foreman at the factory, and was competent to do all that the assignee did, and that the latter was, in fact, a supernumerary. Upon the whole, I think the assignee may fairly charge for fifty days' work, if any such charge is admissible by law. Rule 30 of the supreme court enacts that no allowance shall be made to an assignee other than the commissions on the money received and paid out, and only once on that, excepting as is by said rule specified. The fees therein mentioned do not include any services for superintending or carrying on the business of the bankrupt, which the statute permits to be done in certain cases, with the assent of a majority in value of the creditors. It appears to be a casus omissus; and I cannot suppose that the court intended that only the commissions for collecting and disbursing should be paid, when the duties are so very different and so much more onerous than those which are usually performed by assignees. The rule, however, is positive, that no other allowance shall be made; and I do not see how I can change the rule. I must, therefore, decide the question, which I alluded to in a late case, but did not then find myself obliged to pass upon, whether the supreme court has power to say that no other allowance shall be made than is provided by rule 30.

Rev. St. § 4990, gives the supreme court authority to regulate the fees and charges in all proceedings in bankruptcy; this and all the other powers given by that section are qualified by the opening words of the grant, "subject to the provisions of this title." One of the provisions is, in section 5099, that the assignee shall be allowed, and may retain out of the money in his hands, all necessary disbursements, "and a reasonable compensation for his services, in the discretion of the court."

I am of opinion that this discretion, given to the court of bankruptcy, cannot be regulated beforehand by the supreme court. Fully impressed with the importance of keeping the charges of assignees within reasonable limits, and ready to exert my authority at all times to repress any tendency to waste or overcharge, I do not feel at liberty to refuse to an assignee a reasonable compensation for his services, if the particular fees enumerated by the supreme court should, in any case, fail to afford him such compensation. The table of fees, as I have said, is made up without any reference to the unusual mode in which this estate was lawfully settled. It gives him something for whatever the supreme court understand to be the usual work which devolves upon him; and I do not mean to say that for these things the supreme court may not prescribe the fees; nor that an assignee's account, charging for what he may call extra or additional services, should ever be allowed as matter of form, or merely because there is no objection made, nor that there will be many cases in which any thing of the sort ought to be allowed. Taking this case alone, and in its peculiar circumstances, I decide that the assignee is to have, for superintending the manufacture, $250.

I may add here, to save misconstruction, and to put the practice of this district upon a proper footing, that assignees who intend to charge for services beyond the fees mentioned in rule 30 must warn the creditors of the fact in the notices for the meeting at which the account is to be considered; that the registers should examine carefully the grounds and reasons for all such charges, whether objected to or not, and, if they consider that any allowances of that sort ought to be made, should report the same to the court, with their reasons. I am of opinion, as at present advised, that the court only, and not the register, is invested with the discretion given by section 5099.[2]

I come now to the charge of $300 paid to counsel. We have been told, and wisely, by a justice of the supreme court, in delivering an opinion for himself and his brethren, that assignees are too ready to rush into litigation, and to contest every thing upon which ingenious counsel can raise a doubt; and that their endeavor should be to settle and compound controversies, and to save time and expense, as far as possible. The assignee appears to have acted on the rule thus laid down, and to have escaped litigation; and the objection taken to this item is, that he might have done all this without going to counsel, or to so good counsel. I have not found that the highest charges in these cases have been made by the most competent attorneys; and I see in this case good reason for employing counsel, though it turned out, happily, that no lawsuit was expedient, and that certain investigations, which appeared to be necessary, developed nothing which required action on the part of the assignee. There was, however, reason to investigate, and the creditors would not have been satisfied without it. Twenty-five dollars are to be deducted from the assignee's charges. The remainder of the account is allowed.

WHITCOMB (HILL v.). See Case No. 6,-502.

---

[2] See a rule of the supreme court amending rule 30, and passed since this decision was made: 93 U. S., at the beginning.